IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARY F. CUMMINGS, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. CIV-19-367-RAW |
| ) | |
| AMERICAN POSTAL WORKERS UNION, ) | |
| LOCAL 7, AFL-CIO, ) | |
| ) | |
| ) | |
| **Defendant.** ) | |

## ORDER

Before the court is the motion of the defendant for summary judgment. Plaintiff (proceeding *pro se*) filed a petition in state court which was removed to this court by defendant. Defendant states that its proper name is the Oklahoma Postal Workers Union, successor in interest to the American Postal Workers Union Local 7. Plaintiff was employed by the United States Postal Service (USPS) and defendant was the collective bargaining representative for certain employees, including plaintiff.

Summary judgment should not be granted unless the moving party establishes that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) F.R.Cv.P. The court examines the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. *See EEOC v. Abercrombie & Fitch Stores, Inc.,* 731 F.3d 1106, 1116 (10th Cir.2013). The movant bears the burden of making an initial showing of the absence of a genuine issue of material fact. *Ade v. Conklin Cars Salina, LLC,* 800 Fed. Appx. 646, 650

(10th Cir.2020). The court finds defendant has done so. If the movant meets this burden, the nonmovant must then set forth specific facts showing that there is a genuine issue for trial to avoid entry of summary judgment. *Id.*

While the court may afford a *pro se* litigant's filing some leniency, even *pro se* litigants are expected to follow the same rules of procedure that govern other litigants. *See Kay v. Bemis,* 500 F.3d 1214, 1218 (10th Cir.2007); *Franke v. ARUP Labs., Inc.,* 390 Fed.Appx. 822, 826 (10th Cir.2010)(Rule 56).

First, a preliminary issue will be discussed. Title VII applies to labor unions. *See* 42 U.S.C. §2000e-2(c)(1). A union may be liable under an "indirect theory" (when it acquiesces in the discriminatory acts of the employer), or for direct discrimination. *See Powell v. Laborers Union,* 426 Fed.Appx. 615, 617 (10th Cir.2011). Plaintiff asserts direct claims for age discrimination and for race discrimination in failing to process some of her employment grievances. These facts often give rise to a third claim, a "hybrid" case in which a plaintiff sues the employer for violation of the collective bargaining agreement and sues the union for breaching its duty of fair representation. *See, e.g., Richins v. Southern Pacific Co.,* 620 F.2d 761 (10th Cir.1980). In alleging her claims, plaintiff does refer to the union "failing to represent her adequately." (#2-1 at page 4 of 8). She does not, however, allege breach of duty of fair representation as a separate claim and expressly states "This is not a hybrid case." (#62 at 10 ¶¶37 & 38).

Under Tenth Circuit precedent, however, when the allegation (as here) is that the union failed to file a grievance the breach of the duty of fair representation is a separate element of a prima facie case under Title VII. *See York v. AT&T Co.,* 95 F.3d 948, 957 (10th Cir.1996). Some other circuits have recently held to the contrary. *See, e.g., Green v. American Federation of Teachers/Illinois Federation of Teachers Local 604,* 740 F.3d 1104, 1105-07 (7th Cir.2014); *Garity v. APWU National Labor Organization,* 828 F.3d 848, 851 (9th Cir.2016); *Peeples v. City of Detroit,* 891 F.3d 622, 636-38 (6th Cir.2018). This court, of course, follows the *York* precedent. *York* did not address a claim for age discrimination. Nevertheless, in cases brought under either Title VII or the ADEA where circumstantial evidence is the basis for the claim, the court's analysis at the summary judgment stage is governed by the burden-shifting framework laid out in *McDonnell Douglas v. Green,* 411 U.S. 792 (1973). *See Garrett v. Hewlett-Packard Co.,* 305 F.3d 1210, 1216 (10th Cir.2002).

Accordingly, to establish a prima facie Title VII claim against a union for breach of its duty of fair representation, a plaintiff must show (1) the employer violated the collective bargaining agreement with respect to the plaintiff, (2) the union permitted the violation to go unrepaired, thereby breaching the union's duty of fair representation, and (3) there was some indication that the union's actions were motivated by discriminatory animus. *York*, 95 F.3d at 957. The Age Discrimination in Employment Act also applies to labor unions. *See* 29 U.S.C. §623(c)(1). This court, therefore, adopts the same description of a prima facie case described in the previous paragraph.

Plaintiff was first hired by the USPS on July 12, 2014 as a "Postmaster Relief" (PMR). She worked in this capacity from July 12, 2015 to January 9, 2015. On January 15, 2015 she became a PSE (Postal Support Employee). Her last day in pay status was January 9, 2016. On January 15, 2016, plaintiff commenced her second year as a PSE. She was reassigned/converted to a career position on May 14, 2016. She was separated from employment on July 25, 2016.

On July 26, 2016, plaintiff had a phone conversation with Andy Rackley, then-President of defendant. The filing of grievances was discussed. After the conversation, Rackley sought advice from Christine Pruitt, the defendant's National Business Agent. After consulting with Pruitt, Rackely determined he could not file grievances over plaintiff's termination because she was a probationary employee when she was terminated. (Plaintiff contends she was not a probationary employee).

Plaintiff does not address the *York* decision, and may have misapprehended the nature of her burden. On two occasions, responding to allegations she made against the USPS as employer, plaintiff states "[t]his is not a hybrid case." (#62 at 10, ¶¶37 & 38). Traditionally, a hybrid claim requires plaintiff to prove both that (1) the employer breached the collectively bargaining agreement and (2) the union breached its duty of fair representation. *See Aguinaga v. United Food & Commercial Workers Int'l Union,* 993 F.3d 1463 n.1 (10th Cir.1993). Evidently operating on the view she was not presenting a hybrid claim, plaintiff

4

has made no effort to demonstrate that the USPS violated the collective bargaining agreement. Therefore, she has not met her burden as to a prima facie case.

Moreover, plaintiff has not raised a genuine issue of material fact as to whether the union's actions were motivated by discriminatory animus. Defendant has established that, under its interpretation of the collective bargaining agreement and the April, 2014, Memorandum of Understanding, plaintiff was still within her probationary period and thus did not have the grievance procedure available to her. A union "is not compelled . . under Title VII[ ] to pursue an individual member's grievance if the union reasonably disagrees with the basis for that grievance." *York,* 935 F.3d at 956. A union's "statutory duty of fair representation does not oblige it to take action on every grievance brought by every member." *Id.*

Plaintiff appears to argue that the 2016 memorandum of understanding (entered into July 29, 2016, <u>after</u> plaintiff was no longer employed) should be applied retroactively, and that such interpretation means plaintiff would not have been a probationary employee at the time she was terminated. This contention, however, does not demonstrate that defendant's interpretation was unreasonable or in bad faith. Plaintiff has "disputed" virtually all of the "undisputed facts" listed by defendant, but has not pointed to evidentiary materials sufficient under the governing rules. *See* Rule 56(c)(1)(A) & Rule 56(e)(3) F.R.Cv.P.; Rule 56.1(d) of the Local Civil Rules. Having concluded the same prima facie case is necessary regarding

plaintiff's claim of age discrimination, the court grants defendant's motion as to that claim as well.

For its part, defendant cites the *York* description of a prima facie case, but makes an argument more resembling one in a traditional Title VII case. In view of this (and in the event the Tenth Circuit reconsiders *York* in an appeal of this case) this court will also address the matter in those terms. A prima facie case generally requires a plaintiff to show, by a preponderance of the evidence, that she is a member of a protected class, she suffered an adverse employment action, and the challenged action occurred under circumstances giving rise to an inference of discrimination. *Bennett v. Windstream Communications, Inc.,* 792 F.3d 1261, 1266 (10th Cir.2015). Plaintiff has established that she is Cherokee and over the age of 50, thereby satisfying the first element. Interpreting the failure to fail a grievance as an "adverse employment action" for these purposes, the court finds the second element is also present. The third element is quite a close call, but viewing the record in the light most favorable to plaintiff, the court also makes a preliminary finding in her favor. Defendant denies that the decision-makers were aware of plaintiff's age or race, but such ignorance may (or may not) be "convenient," in view of multitudinous paperwork and various phone conversations had with plaintiff. Plaintiff's burden at the prima facie stage is not onerous. *See Smothers v. Solvay Chem., Inc.,* 740 F.3d 530, 539 (10th Cir.2014). The court would not dismiss on that basis.

The burden then shifts to the defendant to articulate a legitimate, nondiscriminatory reason for its actions. *Throupe v. Univ. of Denver,* 2021 WL 747714, *3 (10th Cir.2021). Summary judgment will be granted if the plaintiff cannot prove the defendant's articulated reasons are pretextual. *Id.*

A plaintiff shows pretext by demonstrating such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the defendant's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence and hence infer that the employer did not act for the asserted nondiscriminatory reasons. *Brown v. Unified School District No. 501,* 822 Fed.Appx. 710, 714 (10th Cir.2020).

The court (again assuming *arguendo* the traditional Title VII or ADEA standard) that defendant has stated a legitimate, nondiscriminatory reason for its decision (i.e., its legal interpretation of the collective bargaining agreement and the memorandum of understanding) and plaintiff has failed to demonstrate a genuine issue of material fact as to pretext. No grievance was filed because defendant had a reasonable, good-faith belief that plaintiff was a probationary employee without access to the grievance procedure.

Both sides have also filed motions for sanctions. Defendant argues that plaintiff engaged in discovery misconduct. Defendant requests dismissal or, in the alternative, that plaintiff not be allowed to introduce any documents not produced to defendant. Having granted summary judgment in defendant's favor, the court will deny these requests as moot. Defendant also seeks costs and attorney fees. The court is reluctant to make such an award

against a *pro se* litigant, and again the case has been dismissed. Moreover, it appears that a successful motion to compel is a prerequisite to an award under Rule 37(a)(5) F.R.Cv.P. The court will deny the request.

Plaintiff's motions consist of accusations against defense counsel. The court has reviewed the motions and defendant's responses to each. The motions will also be denied.

It is the order of the court that the motion of the defendant for summary judgment (#42) is hereby granted. Defendant's motion for discovery sanctions, to dismiss and for costs and attorney fees (#40) is denied. Plaintiff's motions for sanctions (##65, 70 & 71) are denied.

**ORDERED THIS 8th DAY OF MARCH, 2021.**

_____
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**